12 F.3d 1105
 73 A.F.T.R.2d 94-617
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward E. ALLEN; Toni C. Allen, Plaintiffs-Appellants,
v.
Charles L. GRESHAM, Individually & as Officer of the
Internal Revenue Service, Defendant-Appellee.
 No. 93-35162.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 3, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward and Toni Allen appeal pro se the district court's dismissal of their civil rights action[1] against Charles Gresham, an Internal Revenue Service ("IRS") Officer, seeking monetary, injunctive, and declaratory relief. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Edward Allen pled guilty to providing false information on a federal income tax return. As a result of his conviction, Allen was assessed a tax deficiency of $19,000. He entered into a plea agreement with the government in which he agreed to make restitution to the government. The Allens argue that the agreement excluded Toni Allen from the obligation. They contend that the IRS, through Gresham, violated the plea agreement by taking Toni Allen's portion of their joint 1988 and 1989 tax refunds, and by garnishing Toni Allen's bank account in 1990. The Allens admit that the IRS "had a right to retain the return of the plaintiff Edward E. Allen."
 
 
 4
 Here, Toni Allen did not sign the notice of appeal. In this circuit, the notice of appeal must be signed by the pro se appellant personally. Elias v. Connett, 908 F.2d 521, 522 n. 1 (9th Cir.1990); Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986) (court lacked jurisdiction to hear wife's appeal where husband signed notice of appeal for both of them). Therefore, this court will not consider any issues pertaining to Toni Allen. See Elias, 908 F.2d at 522 n. 1; Carter, 784 F.2d at 1008.
 
 
 5
 Edward Allen raises no specific issues with regard to his tax liability. Nevertheless, to the extent that Edward Allen requests injunctive, declaratory, and monetary relief on behalf of himself, the district court correctly held that such claims are barred. First, as the district court found, Edward Allen's claim for injunctive relief against the IRS is barred by the Anti-Injunction Act ("Act"), 26 U.S.C. Sec. 7421. Although there are several statutory exceptions to the Act, Allen does not contend that any of the statutory exceptions are applicable here. If a taxpayer fails to show that his suit falls within one of the exceptions, the district court must dismiss the suit for lack of subject matter jurisdiction. Jensen v. IRS, 835 F.2d 196, 198 (9th Cir.1987). Therefore, any claim for injunctive relief was properly dismissed. See id.
 
 
 6
 Second, any claim for money damages asserted by Edward Allen against Gresham in his official capacity is barred by the doctrine of sovereign immunity because the United States has not expressly waived its immunity and consented to be sued. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985) (absent express statutory consent to be sued, dismissal is required). To the extent that Gresham is sued in his individual capacity, an action for damages is foreclosed. See Wages v. IRS, 915 F.2d 1230, 1234-35 (9th Cir.1990), cert. denied, 111 S.Ct. 986 (1991) (the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected forecloses a damage action under Bivens ).
 
 
 7
 Third, any claim for declaratory relief asserted by Edward Allen is barred by tax exception to the Declaratory Judgment Act, 28 U.S.C. Sec. 2201. See Hughes v. United States, 953 F.2d 531, 536-37 (9th Cir.1992) (district court has jurisdiction over cases seeking declaratory relief, except for disputes with respect to federal taxes).
 
 
 8
 Finally, in his brief, Allen does not challenge the district court's grounds for dismissal, but only argues that the dismissal should have been without prejudice. Because Allen cannot amend to state a claim, the district court's dismissal with prejudice was proper. See McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992).[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the Allens brought this action under 42 U.S.C. Sec. 1983, the action is more properly construed as a Bivens action because the defendant is a federal actor. See Bivens v. Six Unknown Agents, 403 U.S. 388 (1971); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991) (actions under Sec. 1983 and Bivens are identical except for replacement of state for federal actor)
 
 
 [2]
 Because there are no exceptional circumstances in this action which warrant the appointment of counsel, the district court properly denied Allen's motion. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990)