33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesse Wayne KUNTZ, Plaintiff-Appellant,
v.
Perry WILSON, et al., Defendant-Appellee.
 No. 94-35221.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 10, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesse Wayne Kuntz,[1] appeals pro se, the district court's sua sponte dismissal of his action prior to service of process. Kuntz's complaint, brought pursuant to 42 U.S.C. Sec. 1983, alleged that defendant prison officials violated his constitutional rights by strip searching him in front of a female correctional officer. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under section 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). We review the district court's determination that a complaint is frivolous under section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325; McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A claim is legally frivolous if it is based on an indisputably meritless legal theory. Neitzke, 490 U.S. at 327. In civil rights actions where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 Kuntz alleges that his constitutional rights were violated when a female prison employee was allowed to witness him being subjected to a strip search. According to Kuntz's complaint, the female employee was situated in another room, within 10 feet of the search, and "in clear view through the large glass windows of the strip search in progress.
 
 
 5
 Prisoners have only a very limited right of bodily privacy from guards of the opposite sex. Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir.1993) (en banc). The assignment of female prison guards to positions requiring only infrequent and casual observation of naked male prisoners does not violate the prisoners' right to privacy. Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir.1988) (visual strip search of male prisoners by female guards does not violate privacy right); Grummett v. Rushen, 779 F.2d 491, 494-95 (9th Cir.1985) (pat-down searches of male prisoners by female guards does not violate privacy right). Here, Kuntz has alleged only a single isolated instance in which a female correctional employee was able to observe him naked. Such an incident constitutes the type of infrequent and casual observation which does not violate an inmate's constitutional rights. See Michenfelder, 860 F.2d at 334; Grummett, 779 F.2d at 494-95.
 
 
 6
 Kuntz's complaint also alleged that defendants violated a prison regulation which prohibits opposite sex guards from conducting strip searches except in emergencies. Kuntz's complaint fails to allege, however, that the female guard actually conducted the strip search in violation of the policy. Kuntz cites no regulation that prohibits opposite sex guards from witnessing a strip search. Accordingly, his contention that defendants violated prison policy lacks merit.
 
 
 7
 Given these circumstances, we find that Kuntz's complaint lacks an arguable basis in law. Accordingly, the district court did not abuse its discretion by dismissing Kuntz's action pursuant to section 1915(d). See Neitzke, 490 U.S. at 325; Michenfelder, 860 F.2d at 334.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kuntz filed this appeal on behalf of himself and a number of other prisoners. Only Kuntz, however, signed the notice of appeal. Because Kuntz is not an attorney, he may represent only himself. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987). Moreover, a pro se party must personally sign the notice of appeal. Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986). When the party fails to sign, the appeal must be dismissed for lack of jurisdiction. Id. Accordingly, we dismiss the other named plaintiffs from this action for lack of jurisdiction