Norman D. CARTER and Cecilia P. Carter, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 85–7388.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 1986.*

Decided March 13, 1986.

---

* Oral argument waived by appellants.

Norman D. Carter, Cecilia P. Carter, Tacoma, Wash., for petitioners-appellants.

Michael L. Paup, Gary R. Allen, Matthew J. Anderton, Washington, D.C., for respondent-appellee.

Before WRIGHT, TANG and REINHARDT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

Despite appellants' assertions to the contrary, this is yet another tax protester case. The taxpayers, Norman and Cecilia Carter, did not file income tax returns for 1980 and 1981.

The Commissioner issued separate notices of deficiency, determining that each was taxable on his or her respective share of unreported community property. He also determined that each was liable for additions to tax under 26 U.S.C. §§ 6651(a), 6653(a) and 6654.

Taxpayers jointly petitioned the Tax Court for a redetermination. They did not deny receipt of income. Nor did they assert any factual basis for setting aside the Commissioner's determinations.

Instead, they alleged that: (1) they did not receive "gain" or "profit" as defined by the Supreme Court and the Internal Revenue Code ("IRC"), (2) there is no IRC section requiring persons to file returns, (3) penalties cannot be assessed for voluntary acts, and (4) the Commissioner violated the Privacy Act, 5 U.S.C. § 552a(e).

The Commissioner filed a motion to dismiss for failure to state a claim. He alleged that taxpayers' petition violated Tax Court Rule 34(b) because it failed to state

clear and concise assignments of error and facts supporting such assignments.

Taxpayers opposed the motion. Mr. Carter's affidavit admitted receipt of wages. He alleged, however, that such compensation is not taxable income. He asserted an entitlement to allowances for dependents, interest, medical expenses, other taxes paid, and job-related expenses.

The Tax Court granted the Commissioner's motion. It assessed a penalty under 26 U.S.C. § 6673, the amount of which is unclear. The Order of Dismissal and Decision stated the penalty as follows:

> damages are due from petitioners which are hereby awarded to the United States in the amount of $5,000 pursuant to section 6673, Internal Revenue Code of 1954, as amended.

The accompanying Memorandum Sur Order is inconsistent with the previous finding in the order when it stated the penalty as follows:

> Therefore, based on our own motion, damages in the amount of $5,000 are hereby awarded to the United States pursuant to section 6673 against each taxpayer.

Footnote omitted.

ANALYSIS

I. CECILIA B. CARTER

■ The government asserts that Mrs. Carter's appeal should be dismissed because she did not sign the notice of appeal. Only Mr. Carter signed the joint notice.

We have dismissed pro se appeals where the notices of appeal were not signed by the parties appealing. *Brady v. Smith*, 656 F.2d 466, 467 n. 1 (9th Cir.1981); *McKinney v. De Bord*, 507 F.2d 501, 503 (9th Cir.1974). These holdings rest on Federal Rule of Civil Procedure 11 and Federal Rule of Appellate Procedure 3(c).

Other circuits have adopted the rule that pro se appellants personally must sign their notices of appeal. *See, e.g., Covington v. Allsbrook*, 636 F.2d 63, 64 & n. 2 (4th Cir.1980), *cert. denied*, 451 U.S. 914, 101 S.Ct. 1990, 68 L.Ed.2d 305 (1981);

*Theriault v. Silber*, 579 F.2d 302, 302 n. 1 (5th Cir.1978), *cert. denied*, 440 U.S. 917, 99 S.Ct. 1236, 59 L.Ed.2d 468 (1979); *Scarrella v. Midwest Federal Savings & Loan*, 536 F.2d 1207, 1209 (8th Cir.) (per curiam), *cert. denied*, 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976). In *Covington*, the court explained its reasoning:

> The only means of determining which litigants are interested in pursuing an appeal is by requiring each pro se party to personally sign the notice of appeal. Imposition of this requirement does not unduly burden the prospective appellant and acts to protect the rights and interests of all parties to the litigation. It is the only practical way to *specify* the party or parties taking the appeal, as required by Rule 3(c) [Fed.R.App.P.].

636 F.2d at 64 (emphasis in original).

Cecilia Carter's appeal is dismissed for lack of jurisdiction.

II. NORMAN D. CARTER

The Commissioner's findings carry a presumption of correctness and the taxpayer has the burden of refuting them. *Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 290, 79 L.Ed. 623 (1935); Rule 142, Rules of Practice and Procedure of the United States Tax Court (May 1, 1979). Carter failed to produce any relevant evidence to dispute the deficiency or substantiate claimed deductions. *See Rapp v. Commissioner*, 774 F.2d 932, 935 (9th Cir. 1985); *Edwards v. Commissioner*, 680 F.2d 1268, 1270–71 (9th Cir.1982) (per curiam).

He complains that he was not given an opportunity to amend his petition to set forth deductions and exemptions to which he was entitled. Additionally, he complains that he was not warned that penalties could be assessed against him.

■ Although pro se, he is expected to abide by the rules of the court in which he litigates. *See Taylor v. Commissioner*, 771 F.2d 478, 479–80 (11th Cir.1985) (per curiam); *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir.1984), *cert. denied*, ——

U.S. ——, 105 S.Ct. 926, 83 L.Ed.2d 938 (1985). · The government's motion provided notice of the Tax Court rules. He did not seek to amend his petition after the government's motion had been filed. Instead, he repeated his conclusory allegations in an affidavit. The Tax Court did not abuse its discretion in failing to grant leave to amend *sua sponte*. *See Scherping v. Commissioner*, 747 F.2d 478, 480 (8th Cir. 1984) (per curiam) (abuse of discretion standard of review for *sua sponte* motions to amend).

Nor were any meritorious legal arguments advanced. The assertion that proceeds received for personal services cannot be given a "zero-basis for the purpose of the assessment of taxation," is frivolous. This is a variation of the "wages are not income" theme, which has been rejected repeatedly by this court. *See Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir.1985) (per curiam); *Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir.1984); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir.1981).

Carter also argues that the income tax is voluntary. He would have us interpret "shall" to mean "may" in the IRC filing provisions. This claim is equally meritless, as the Tax Court recognized. *See May v. Commissioner*, 752 F.2d 1301, 1304 & n. 3 (8th Cir.1985).[1]

■ Carter failed to show that he had not negligently or intentionally disregarded the Tax Court's rules or regulations. *See Mone v. Commissioner*, 774 F.2d 570, 574 (2d Cir.1985); *Hall v. Commissioner*, 729 F.2d 632, 635 (9th Cir.1984). Additions to tax were properly imposed for failure to file. *See Rager v. Commissioner*, 775 F.2d 1081, 1083 (9th Cir.1985) (additions affirmed based on lack of credible evidence to support deductions); *Rapp v. Commission-er*, 774 F.2d at 935 (taxpayer failed to show that additions or penalties were erroneous).

Lastly, Carter attacks the penalty imposed under 26 U.S.C. § 6673. The maximum statutory penalty is $5,000, and we have upheld such a penalty before. *See, e.g., Larsen v. Commissioner*, 765 F.2d 939, 941–42 (9th Cir.1985) (per curiam). This situation is a bit different, however.

Both sides construe the Tax Court's action as imposing a $10,000 penalty. Carter argues that this "double" penalty is not authorized under § 6673. The government cites no case support for its position that the Tax Court has such authority. Nor have we found any. While there were separate notices of deficiency, the Tax Court issued only one order of decision.

■ We rely on the Tax Court's original order in holding that the total § 6673 penalty is $5,000, not $10,000.[2] Even if there were no ambiguity, a $10,000 penalty would not be proper in this case.

■ Carter fails to carry his burden of proving that the $5,000 penalty was improper. *See Larsen v. Commissioner*, 765 F.2d at 941. The Tax Court was not required to warn that such a penalty could be imposed.

## SANCTIONS FOR FRIVOLOUS APPEAL

■ The government asserts that this frivolous appeal warrants imposition of sanctions. It requests attorney's fees of $1,500. Given the ambiguity of the § 6673 penalty imposed, this appeal is not frivolous. The government's request for sanctions is denied.

## CONCLUSION

Cecilia P. Carter's appeal is DISMISSED for lack of jurisdiction. The judgment of

1. Although taxpayers do not press their Privacy Act claim on appeal, we note that other circuits have approved the adequacy of the IRS' notice that filing is mandatory. *United States v. Bressler*, 772 F.2d 287, 292 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 852, 88 L.Ed.2d 892 (1986); *United States v. Wilber*, 696 F.2d 79, 80 (8th Cir.1982).

2. The government argues that we have no jurisdiction over the § 6673 penalty assessed against Mrs. Carter. We disagree. Although we are dismissing her appeal for lack of jurisdiction, Mr. Carter's appeal brings the Tax Court order before us for review.

the Tax Court in Norman D. Carter's case is AFFIRMED, with the clarification that the penalty under 26 U.S.C. § 6673 is $5,000 total.