945 F.2d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert J. URWYLER, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 90-70381.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 25, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert J. Urwyler appeals pro se the tax court's dismissal of his petition for redetermination of deficiencies and additions to tax assessed by the Commissioner of Internal Revenue ("CIR") for the tax years 1982, 1983, and 1984. The tax court dismissed Urwyler's petition for failure to prosecute pursuant to Tax Court Rules 123(b) and 149(a). We have jurisdiction to review final orders of the tax court under 26 U.S.C. § 7482, and we affirm in part and vacate in part.
 
 
 3
 * Dismissal
 
 
 4
 Urwyler contends that the tax court erred by dismissing his action because the CIR does not have the authority to administer and enforce internal revenue laws against him, and because the notices of deficiency issued by the CIR were invalid depriving the tax court of jurisdiction. These contentions lack merit.
 
 
 5
 We review the tax court's decision to dismiss a case for failure to prosecute for an abuse of discretion. Noli v. Commissioner, 860 F.2d 1521, 1527 (9th Cir.1988).
 
 
 6
 Rule 123(b) of the Tax Court Rules of Practice and Procedure provides that the tax court may dismiss a petition for failure to (1) properly prosecute, (2) abide by tax court rules, or (3) comply with a tax court order. Tax Ct.R. 123(b). Pro se litigants challenging the CIR's assessments must abide by the tax court's rules. See Carter v. Commissioner, 784 F.2d 1006, 1008-09 (9th Cir.1986). Under Tax Court Rule 149(a), the unexcused absence of a party at trial is not an appropriate ground for delay, and in the event of such absence the "case may be dismissed for failure to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties." Tax Ct.R. 149(a). Furthermore, the tax court may dismiss a petition if the petitioner fails to present evidence on an issue on which the petitioner bears the burden of proof. Tax Ct.R. 149(b); Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir.1988). "Although a court must explore meaningful alternatives prior to dismissing a case, it need not always exhaust every sanction short of dismissal before final action." Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987).
 
 
 7
 Tax Court Rule 70(a) requires that "the parties attempt to attain the objectives of discovery through informal consultation or communication before utilizing the discovery procedures provided in these Rules." Tax Ct.R. 70(a). Additionally, "Tax Court Rule 91 requires the parties to stipulate, to the fullest extent possible, to all nonprivileged matters which are relevant to a pending case." Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985); Tax Ct.R. 91.
 
 
 8
 The CIR's determinations of deficiencies and additions to tax are presumptively correct. See, e.g., Baxter v. Commissioner, 816 F.2d 493, 495 (9th Cir.1987). Thus, the taxpayer bears the burden of producing evidence showing that the CIR's determination is incorrect. Id.
 
 
 9
 Here, Urwyler failed to appear for trial on October 30, 1989, and again failed to appear when the case was recalled for trial on November 2, 1989. Thus, Urwyler failed to present any evidence showing that the CIR's determination of deficiencies was incorrect. Moreover, Urwyler failed to comply with Rule 70(a) by filing interrogatories and attempting to initiate formal discovery procedures prior to consulting and communicating informally with the CIR. See Tax Ct.R. 70(a). Urwyler also failed to comply with Tax Court Rule 91 by refusing to enter into a stipulation of facts. See Tax Ct.R. 91. Accordingly, because Urwyler failed to appear for trial on two occasions or prosecute his case properly, the tax court did not abuse its discretion by dismissing Urwyler's petition under Rules 123(b) and 149(a). See Edelson, 829 F.2d at 831.
 
 II
 Sanctions
 
 10
 Urwyler contends that the tax court erred by imposing a $7,000 penalty pursuant to 26 U.S.C. § 6673 because "the court was without jurisdiction to adjudicate the instant case." The CIR argues that although imposition of the penalty was proper, the tax court erred by increasing the penalty from the $5,000 requested by the CIR to $7,000.
 
 
 11
 We review the tax court's imposition of sanctions pursuant to 26 U.S.C. § 6673 for an abuse of discretion. Larsen, 765 F.2d at 941.
 
 
 12
 "The Tax Court may impose a penalty on a taxpayer ... for bringing an action which is frivolous and groundless." Id. (citing 26 U.S.C. § 6673). Section 6673 provides that the tax court may require the taxpayer to pay a penalty whenever it appears that proceedings have been instituted or maintained primarily for delay, the taxpayers position is frivolous or groundless, or the taxpayer unreasonably failed to pursue administrative remedies. 26 U.S.C. § 6673.
 
 
 13
 Here, the tax court found that Urwyler's position in the action was frivolous, that he "instituted and maintained the action primarily for delay," and that he unreasonably refused to comply with proper procedures in proceeding with his action. Urwyler was warned in the CIR's answer that he could be liable for a penalty award for maintaining a frivolous position before the tax court. Urwyler nevertheless persisted in asserting that he is a citizen of the "Republic of California" and thus not subject to federal income taxes. Because we agree that Urwyler's petition was frivolous, we find that the tax court did not abuse its discretion by imposing a penalty on him. See id.
 
 
 14
 We agree with the CIR, however, that the tax court erred in imposing a penalty of $7,000. The Omnibus Reconciliation Act of 1989, Pub.L. No. 101-239, 103 Stat. 2106, section 7731, amended 26 U.S.C. § 6673(a)(1) by increasing the limit of a penalty assessment under the section from $5,000 to $25,000. Section 7731(d) of Pub.L. No. 101-239 provides, however, that "[t]he amendments made by this section [amending section 6673(a)(1) ] shall apply to positions taken after December 31, 1989, in proceedings which are pending on, or commenced after such date."
 
 
 15
 Here, the CIR made its motions for sanctions on October 16 and November 2, 1989. Despite the fact that the tax court did not issue a final decision imposing the penalty until April 30, 1990, the record does not indicate that Urwyler asserted his clearly frivolous position after December 31, 1989. Accordingly, we vacate the tax court's penalty award to the extent it exceeds $5,000.
 
 
 16
 AFFIRMED IN PART AND VACATED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4. Accordingly, Urwyler's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3