974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl McFALL; Roy Edward Cline, Plaintiffs-Appellants,
v.
Dennis BOYD; Wallace Wilkinson; John Wigginton; Michael
Samberg; Wayne Dunn; Mike Bradley; William
Seabold; Jane or John Does, Defendants-Appellees.
 No. 92-5199.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1992.
 
 1
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and COOK, Chief District Judge.*
 
 ORDER
 
 2
 These pro se Kentucky prisoners appeal the district court's summary judgment dismissing their civil rights complaint filed under 42 U.S.C. § 1983. They request the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Earl McFall and Roy E. Cline claimed that defendants' failure to provide appropriate housing and treatment for mentally ill prisoners resulted in a violation of the Eighth Amendment protection against cruel and unusual punishment. McFall and Cline alleged that they are exposed to bizarre and occasionally violent outbursts by psychotic inmates who are housed with the general population of prisoners. They sought monetary, declaratory and injunctive relief.
 
 
 4
 Initially, we note that Roy E. Cline is not properly before the court because he failed to sign the notice of appeal. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986).
 
 
 5
 Upon review, we conclude that summary judgment was proper. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Material facts are not in dispute and defendants are entitled to judgment as a matter of law. The alleged failure to provide adequate treatment for mentally ill prisoners does not establish that defendants were deliberately indifferent to McFall's safety and security needs. See Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991); McGhee v. Foltz, 852 F.2d 876, 881 (6th Cir.1988).
 
 
 7
 McFall's remaining arguments lack merit. The district court did not abuse its discretion by denying the requests for further discovery, see Emmons v. McLaughlin, 874 F.2d 351, 357 (6th Cir.1989), or by denying the motion for appointment of counsel. The district court did not abuse its discretion by denying the motion for leave to amend the complaint because the proposed amendment would have been futile. See Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir.1991). The district court properly denied the request for status as a class action because plaintiffs failed to allege facts from which the district court could infer that the prerequisites of a class action had been met. See Fed.R.Civ.P. 23(a); Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1033 (6th Cir.1992).
 
 
 8
 Accordingly, the request for appointment of counsel is denied, Cline's appeal is dismissed for lack of jurisdiction, and the district court's summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation