988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William C. LUCAS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70427.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States Tax Court, Tax Ct. No. 20032-91.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Lucas appeals pro se the United States Tax Court's order dismissing his petition for failure to state a claim upon which relief can be granted and determining deficiencies and additions to tax in Lucas' income tax for tax years 1984, 1985, 1987, and 1988. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review de novo the dismissal of a taxpayer's petition for failure to state a claim upon which relief can be granted, Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988), and we affirm.
 
 
 3
 * Background
 
 
 4
 By separate notices of deficiencies, the Commissioner of Internal Revenue Service ("Commissioner") determined Lucas had unreported taxable income for tax years 1984, 1985, 1987, and 1988. The Commissioner also determined Lucas was liable for additions to tax under 26 U.S.C. §§ 6651(a), 6653(a). Lucas petitioned the Tax Court for redetermination of deficiencies.[1] The Tax Court granted the Commissioner's motion to dismiss, finding that the petition made "only general allegations that [the Commissioner's] determinations are erroneous." Lucas timely appeals.
 
 II
 Merits
 
 5
 Lucas contends the Tax Court erred by dismissing his second amended petition because the assignments of error and statements of facts were sufficient to state a claim. This contention lacks merit.
 
 
 6
 Even pro se litigants must abide by the rules of the court in which they litigate. Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986). A petition for redetermination with respect to a notice of deficiency or liability must contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability." Tax Ct.R. 34(b)(4). The petition also must contain "[c]lear and concise lettered statements of the facts on which petitioner bases the assignments of error." Tax Ct.R. 34(b)(5). Accord Taylor v. Commissioner, 771 F.2d 478, 479-80 (11th Cir.1985) (taxpayer in deficiency action may not merely set forth the Commissioner's adjustments and assign them as error). If the petition fails to meet these requirements, then it is subject to dismissal. Tax Ct.R. 34(a).
 
 
 7
 Here, Lucas' second amended petition stated the Commissioner erred by: (1) assessing deficiencies of $315, $1,394, $4,121, and $3,455 for tax years 1984, 1985, 1987, and 1988, respectively, (2) failing to raise the presumption under 26 U.S.C. § 6653(a), and (3) assessing additions to tax.[2] In support of the assignments of error, the petition identified the following facts: (1) the Commissioner "determined to assess" Lucas $302, $734, $2,212, and $1,385 for tax years 1984, 1985, 1987, and 1988, respectively,[3] and (2) the Commissioner failed to specify the act or omission upon which the addition to tax was made.[4] These assignments of error and statements of fact did not meet the requirements under Rule 34(b)(4) and (b)(5). Thus, the Tax Court properly dismissed Lucas' petition. See Carter, 784 F.2d at 1009.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lucas initially contested the Commissioner's determination in a letter to the tax court that did not conform to the tax court rules. The tax court filed Lucas' letter and ordered Lucas to submit an amended petition conforming to the tax court rules. Lucas submitted an amended petition, which the tax court filed on November 1, 1991. Lucas then submitted a second amended petition, which the tax court filed on February 10, 1992. The Commissioner moved to dismiss the second amended petition for failure to state a claim upon which relief can be granted
 
 
 [2]
 Lucas did not dispute the amount of unreported income, his receipt of such income, or his failure to file returns for the tax years at issue. Issues not raised in the assignments of error are "deemed to be conceded." Tax Ct.R. 34(b)(4)
 
 
 [3]
 Lucas apparently claimed the Commissioner should have deducted Lucas' prepayment credits from the deficiency determinations. This contention is meritless. See 26 U.S.C. § 6211(b)(1) (prepayment credits are not applied against the deficiency determination)
 
 
 [4]
 The notices of deficiency appended to Lucas' petition stated that the addition to tax was imposed under 26 U.S.C. § 6651 because Lucas negligently or intentionally failed to file his tax return within the period prescribed by law. Thus, the appendix contradicted the petition's statement that the Commissioner failed to specify the act or omission underlying the addition to tax