76 F.3d 388
 76 A.F.T.R.2d 95-8065, 96-1 USTC P 50,050
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ezekiel RODRIGUEZ II, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70357.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayer Ezekiel Rodriguez II ("Rodriguez") appeals pro se the Tax Court's decision granting the Commissioner of Internal Revenue's ("Commissioner") motion for judgment on the pleadings under Tax Court Rule 120(a). Rodriguez had filed a petition for redetermination that contested deficiencies and penalties for the tax years 1987 to 1991. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1), and we affirm.
 
 
 3
 Rodriguez contends that the special trial judge of the Tax Court lacked the authority to enter the decision on appeal. This contention lacks merit.
 
 
 4
 The Tax Court's authority to conduct proceedings in this case was based on 26 U.S.C. § 7443A(b)(3) and (c). Section 7443A(b)(3) allows the chief judge of the Tax Court to assign a special trial judge to "any proceeding where neither the amount of deficiency placed in dispute ... nor the amount of any claimed overpayment exceeds $10,000." See 26 U.S.C. § 7443A(b)(3); see also Tax Ct.R. 182(c). Pursuant to 26 U.S.C. § 7443A(c) the court may authorize a special trial judge to make a decision with respect to any proceeding the special trial judge is assigned to by the court. See 26 U.S.C. § 7443A(c). It is uncontested that the deficiencies in question did not exceed $10,000. Accordingly, it was appropriate for the Special Trial Judge to enter its decision. See 26 U.S.C. § 7443A(b)(3) & (c).
 
 
 5
 Rodriguez also contends that the Tax Court erred by granting the Commissioner's motion for judgment on the pleadings. This contention lacks merit.
 
 
 6
 Whether the Tax Court's judgment on the pleadings was proper is a question of law reviewed de novo. Urban v. Commissioner, 964 F.2d 888, 889 (9th Cir.1992) (per curiam).
 
 
 7
 The Commissioner's deficiency determinations as to the taxes and penalties owed by Rodriguez are presumed correct. See Hokanson v. Commissioner, 730 F.2d 1245, 1249 (9th Cir.1984). Rodriguez had the burden of proving the determinations incorrect. See id. To satisfy his burden, Rodriguez was required to articulate clear and concise assignments of error committed by the Commissioner and clear and concise statements of fact supporting each assignment of error. See 26 U.S.C. § 7453; Tax Ct.R. 34(b)(4) & (5); Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986).
 
 
 8
 Rodriguez failed to satisfy his burden. Rodriguez's petition for redetermination failed to set forth any specific reasons or facts to dispute the deficiencies determined by the Commissioner. See Tax Ct.R. 34(b)(4) and (5); Carter, 784 F.2d at 1008. Accordingly, the tax court did not err by granting the Commissioner's motion for judgment on the pleadings. See Urban, 964 F.2d at 889; see also Carter, 784 F.2d at 1008 ("Although pro se, [a taxpayer] is expected to abide by the rules of the court in which he litigates.").
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his petition for redetermination, Rodriguez also made arguments that the Tax Court rejected as "tax protester arguments." The Tax Court also imposed a $2,000 sanction against Rodriguez under 26 U.S.C. § 6673 for bringing a frivolous action. Rodriguez has not raised these issues in his brief. Issues not addressed in a brief are deemed abandoned. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)