83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Wilburn MENEFIELD, Plaintiff-Appellant, Jerry Emanuel
Pollard, Plaintiff,[1]
v.
F.A. BROWN, Lieutenant correctional officer; A. Hesse,
Sergeant correctional officer; W. Marose, correctional
officer; S. Ramirez, correctional officer; V.A. Pereira,
Senior librarian, Defendants-Appellees.
 No. 94-16708.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Wilburn Menefield, a California state prisoner, appeals pro se the district court's judgment, after a jury trial, in favor of defendants in his 42 U.S.C. § 1983 action alleging a retaliatory search of his cell. We have jurisdiction under 28 U.S.C. § 1281 and affirm.
 
 
 3
 Menefield contends that the district court's instruction concerning the elements of a retaliation claim improperly characterized plaintiff's burden of proof.
 
 
 4
 Where a party has not objected to a jury instruction "before the jury retires to consider its verdict," the party may not object to this instruction on appeal. Fed.R.Civ.P. 51. "This court has enjoyed a reputation as the strictest enforcer of Rule 51[.]" Hammer v. Gross, 932 F.2d 842, 847 (9th Cir.) (en banc), cert. denied, 502 U.S. 980 (1991).
 
 
 5
 Here, Menefield not only failed to object to the challenged jury instruction, he stated that he had no objection to the jury instruction after he had been given a chance to review it. We reject Menefield's argument that the requirements of Rule 51 should be relaxed in light of his status as a pro se litigant. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) (stating that pro se litigants are held to the same procedural rules as counselled litigants). Accordingly, we conclude that Menefield may not object to this jury instruction on appeal. See Fed.R.Civ.P. 51; Hammer, 932 F.2d at 847.
 
 
 6
 Menefield also contends that the jury's verdict was not supported by substantial evidence. This contention lacks merit.
 
 
 7
 "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir.1994) (citation omitted). After a review of the record, we conclude that a reasonable juror could have concluded that prison officials' did not search Menefield's cell in retaliation for filing prison grievances. Accordingly, we will not disturb the jury's verdict for defendants. See id.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Although Jerry Emanuel Pollard appears as a plaintiff in the caption of the complaint in this action, because Pollard did not sign the notice of appeal or the opening brief, we conclude that he is not properly before this court as an appellant. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986)
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3