89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley RUNION, Plaintiff-Appellant,
v.
Tana WOOD, Superintendent; John Lambert; Donald
Holevinski, Defendants-Appellees.
 No. 95-35322.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stanley Runion, a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that prison officials violated his right to due process by denying Runion's application to have his friend Marshall Radley reinstated on his visitation list and by failing to provide written notice of that decision.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). See Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3605 (U.S. Feb. 26, 1995) (No. 95-1385).
 
 
 4
 In analyzing claims alleging deprivation of procedural due process, courts must first determine whether the claimant has been deprived of a constitutionally-protected liberty or property interest. Walker v. Sumner, 14 F.3d 1415, 1419 (9th Cir.1994). Recently, the Supreme Court changed the methodology we employ to determine whether a state has created a protected liberty interest entitling an inmate to the procedural protections afforded by the Due Process Clause. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).[2] We no longer examine the language of prison regulations to determine whether such regulations place substantive restrictions on an official's discretion. Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995). Rather, we focus on the alleged deprivation and ask whether it was " 'within the normal limits or range of custody which the conviction has authorized the State to impose.' " Sandin, 115 S.Ct. at 2297 (quoting Meachum v. Fano, 427 U.S. 215, 225 (1976)). In Sandin, the Court noted that although a state may create a liberty interest protected by the Due Process Clause, that interest is "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 2300.
 
 
 5
 Here, the district court dismissed Runion's case for failure to state a claim because, using the pre-Sandin substantive-predicate analysis, the court found that Washington Administrative Code § 275-80-844 did not create a constitutionally protected liberty interest in Runion's visitation privileges. We conclude that "the record in this appeal is insufficient for a determination of whether the [restriction on visitation privileges] at issue imposed an 'atypical and significant hardship on [Runion] in relation to the ordinary incidents of prison life.' " Gotcher, 66 F.3d at 1101 (quoting Sandin, 115 S.Ct. at 2300). Accordingly, we reverse the district court's dismissal of Runion's due process claim and we remand so that the district court may consider it in light of Sandin. See id.[3]
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Marshall Radley was originally a co-plaintiff in this action, Runion is the only appellant properly before this court because only Runion signed the notice of appeal. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986) (holding that a pro se litigant must personally sign the notice of appeal because it is the only means of determining which litigants are interested in pursuing an appeal)
 
 
 [2]
 The Supreme Court's decision in Sandin applies retroactively to the instant case because the Court applied the rule announced in Sandin to the parties in that case. See Mujahid v. Meyer, 59 F.3d 931, 932 n. 2 (9th Cir.1995)
 
 
 [3]
 On appeal, Runion also contends that his equal protection rights were violated. However, because Runion failed to present this claim to the district court, we will not consider the issue for the first time on appeal. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991)