113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael P. PIERCE, Plaintiff-Appellant,
v.
James HOPE, Warden; Pam Sonnen, Deputy Warden of the Idaho
Correctional Institution-Orofino; Lt. McEachern, Head of
Security; Stan Stuffing, Kitchen Supervisor; Dave Lytle,
Kitchen Supervisor, Defendants-Appellees.
 No. 95-35419.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Before: LAY**, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Michael Pierce, an Idaho state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials. Pierce brought suit pursuant to 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to unsanitary and unhealthy conditions at the prison, in violation of the Eighth Amendment.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). In order to prevail on a section 1983 claim that prison conditions violate the Eighth Amendment, a prisoner must show: (1) that there is a "sufficiently serious" deprivation of basic human needs, and (2) that the prison officials acted with "deliberate indifference" to prisoner health or safety. See Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994) (citations omitted). To show deliberate indifference, the prisoner must demonstrate that the prison officials "[knew] of and disregard[ed] an excessive risk to inmate health or safety." Id. at 1979.
 
 
 4
 Pierce alleged that prison officials knew that there were unhealthy and unsanitary conditions created by, among other things, improper practices in the laundry facility and kitchen area, as well as inadequate bathroom facilities. Pierce alleged that these conditions put himself and other inmates at risk for developing disease.
 
 
 5
 In support of their motion for summary judgment, defendants submitted various affidavits and exhibits which refuted Pierce's allegations or provided justifications for the practices described by Pierce. In opposition to defendants' motion for summary judgment, Pierce failed to proffer evidence that these allegedly unsanitary and unhealthy practices posed an excessive risk to inmate health, or that the defendants were aware of and disregarded the alleged risk. See Farmer, 114 S.Ct. at 1978; Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.), cert. denied, 115 S.Ct. 1695 (1995). Accordingly, the district court did not err in granting summary judgment for defendants.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the notice of appeal lists the names of three other plaintiffs, it is signed only by Pierce. Accordingly, because the other plaintiffs did not sign the notice of appeal, the purported appeals by Donald McDannald, Stanley Barnes, and Scotty Cornell are dismissed. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986)