122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Eugene COUSIN, Plaintiff
and
Richard Lewis Jones; Bruce Lee Cannon, Plaintiffs-Appellants,
v.
Judith ALLEN, Clerk of the Maricopa County Superior Court;
Maricopa County; Dean Trebesch, Maricopa County Public
Defender; Superior Court, Maricopa County; Supreme Court
of the State of Arizona; Court of Appeals, Division One,
Defendants-Appellees.
 No. 96-17283.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the District of Arizona Roslyn O. Silver, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arizona state prisoners Richard Lewis Jones and Bruce Lee Cannon (collectively "plaintiffs")[1] appeal pro se the district court's dismissal of their 42 U.S.C. § 1983 action alleging (1) that various defendants did not transmit their records on appeal within the time limits provided in the Arizona Rules of Criminal Procedure and (2) that the Maricopa County Public Defender's Office filed Anders briefs, instead of briefs on the merits, because of their indigent status. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, see Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir.1994), and we affirm.
 
 
 3
 Relying on Heck v. Humphrey, 512 U.S. 477 (1995) (per curiam), the district court dismissed the plaintiffs' claims as not being cognizable. Heck precludes a section 1983 claim if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the sentence or conviction has previously been invalidated. See id. at 487. Because the plaintiffs' claims would necessarily imply the invalidity of their sentences or convictions, and they have not shown that their sentences or convictions have been invalidated, the district court did not err by dismissing the plaintiffs' section 1983 action without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995).[2]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Ronald Eugene Cousin was a party to the district court's proceedings along with Cannon and Jones. Cousin, however, did not sign the notice of appeal. Because each pro se appellant must sign the notice of appeal, this court has jurisdiction only over Cannon and Jones. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986). Accordingly, Cousin's motion to expedite is denied
 
 
 [2]
 To the extent the plaintiffs' declaratory and injunctive relief claims challenge the validity of their convictions, their exclusive remedy is a writ of habeas corpus. See Trimble, 49 F.3d at 586