T.C. Memo. 1999-240


UNITED STATES TAX COURT


MARTY M. MORIN AND MARILEE D. MORIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5883-98.                    Filed July 22, 1999.


Marty M. Morin and Marilee D. Morin, pro sese.

<u>Julie L. Payne</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined the following deficiencies in and additions to petitioners' Federal income tax:

Marty M. Morin:

| Year | Deficiency | Additions to Tax | |
|------|-----------|------------------|------|
| | | Sec. 6651(a) | Sec. 6654 |
| 1993 | $11,303 | $1,934 | $299 |
| 1994 | 8,205 | 2,051 | 423 |
| 1995 | 5,130 | 1,283 | 282 |

Marilee D. Morin:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a) | Sec. 6654 |
| --- | --- | --- | --- |
| 1993 | $3,545 | -- | -- |
| 1994 | 11,645 | $2,911 | $601 |
| 1995 | 1,624 | 406 | 87 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the issues for decision are: (1) Whether petitioners are liable for the deficiencies determined by respondent, (2) whether Marty M. Morin (Mr. Morin) is liable for an addition to tax for failing to file a Federal income tax return for 1993, (3) whether petitioners are liable for additions to tax for failing to file Federal income tax returns for 1994 and 1995, (4) whether Mr. Morin is liable for an addition to tax for failing to make estimated Federal income tax payments for 1993, (5) whether petitioners are liable for additions to tax for failing to make estimated Federal income tax payments for 1994 and 1995, and (6) whether petitioners engaged in behavior warranting the imposition of a penalty pursuant to section 6673(a).

---

[1] Respondent concedes that petitioners did not receive any gain from the sale of real estate in 1994.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed their petition, Mr. Morin and Marilee D. Morin (Mrs. Morin), husband and wife, resided in Yakima, Washington.

In 1993, 1994, and 1995, Mr. Morin earned $50,712, $55,118, and $32,547, respectively, from Les Morin Subaru as compensation for his services. In 1993 and 1995, Mr. Morin received prizes from Subaru of America, Inc., in the amounts of $650 and $625, respectively.

In 1994, Mr. Morin received a retirement account distribution from Common Sense Shareholder Services in the amount of $1,974. Mr. Morin had not yet attained the age of 59½ at the time he received this distribution.

OPINION

Section 61 defines gross income as all income from whatever source derived. Gross income includes compensation for services. See sec. 61(a)(1). Unless certain exceptions apply, prizes, awards, and any amount received from an annuity (including a retirement plan) are gross income. See secs. 72, 74. In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and taxpayers bear the burden of proving them erroneous. See Rule 142(a).

Petitioners do not challenge the facts on which respondent's determinations are based or respondent's calculation of tax. Petitioners stipulated that during 1993, 1994, and 1995 Mr. Morin received compensation from Les Morin Subaru, a retirement distribution, and prizes from Subaru of America, Inc. Petitioners have not demonstrated that any exception contained in the tax laws excludes the prizes or the retirement distribution from income. Instead, petitioners advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts. See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986). Petitioners allege: (1) The wages they received are not income; (2) the Internal Revenue Service did not send a notice of deficiency and did not file a return as mandated by section 6020(b); (3) petitioners were not employees; (4) petitioners did not receive any wages as defined by section 3121; and (5) taxing their wages violates the Sixteenth Amendment. We shall not painstakingly address petitioners' assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Accordingly, we sustain respondent's determination that these amounts are income.

We must next decide whether this income is community property income.[2]  Under Washington law, with certain exceptions, all property (including compensation earned by a spouse) acquired after marriage is presumed community property and treated as acquired or earned by each spouse.  See Wash. Rev. Code Ann. secs. 26.16.010 through 26.16.030 (West 1997); Zielasko v. Commissioner, T.C. Memo. 1993-177.  Community property income is attributable 50 percent to each spouse.  See Poe v. Seaborn, 282 U.S. 101 (1930).  Petitioners presented no evidence demonstrating that Mr. Morin's compensation, the prizes, or the retirement distribution are not community property.  Therefore, we conclude that under Washington law this income is community property and must be allocated 50 percent to each petitioner.  See also Rule 142(a).

Respondent also determined that the retirement distribution is subject to an additional tax pursuant to section 72(t).

---

[2]  Respondent, in the separate notices of deficiency sent to Mr. Morin and Mrs. Morin, determined:  (1) Mr. Morin is taxable on 100 percent of (a) the compensation he received from Les Morin Subaru, (b) the retirement distribution he received from Common Sense Shareholder Services, and (c) the prizes he received from Subaru of America, Inc.; (2) Mrs. Morin is taxable on 100 percent of the gain from her sale of real property; (3) Mr. Morin is taxable on 50 percent of the gain received by Mrs. Morin; and (4) Mrs. Morin is taxable on 50 percent of the net income earned by Mr. Morin.

Respondent took these inconsistent positions to protect respondent's rights under Washington law because petitioners were uncooperative married nonfilers.

Section 72(t) provides for a 10-percent additional tax on the taxable amount of an early distribution from a qualified retirement plan.  Section 72(t)(2) provides exceptions to the tax for certain types of distributions.  Petitioners did not offer any evidence at trial related to this issue and failed to address it on brief.  Therefore, we hold that petitioners are liable for the additional tax pursuant to section 72(t).  See Rule 142(a).

Respondent determined that Mr. Morin is liable for an addition to tax pursuant to section 6651(a)(1) for 1993 and that petitioners are liable for additions to tax pursuant to section 6651(a)(1) for 1994 and 1995.  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.  The taxpayer has the burden of proving the addition is improper.  See Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985).  Petitioners presented no evidence showing that Mr. Morin filed a return for 1993, that they filed returns for 1994 and 1995, or that these failures to file were due to reasonable cause and not due to willful neglect.  Accordingly, we hold that Mr. Morin is liable for an addition to tax pursuant to section 6651(a)(1) for 1993 and that petitioners are liable for the additions to tax pursuant to section 6651(a)(1) for 1994 and 1995.

Respondent also determined that Mr. Morin is liable for an addition to tax pursuant to section 6654 for failing to make estimated tax payments for 1993 and that petitioners are liable for additions to tax pursuant to section 6654 for failing to make estimated tax payments for 1994 and 1995. Petitioners did not offer any evidence at trial related to this issue, and they failed to address it on brief. Therefore, we hold that Mr. Morin is liable for an addition to tax pursuant to section 6654 for failing to make estimated tax payments for 1993 and that petitioners are liable for additions to tax pursuant to section 6654 for failing to make estimated tax payments for 1994 and 1995. See Rule 142(a).

By motion made at the conclusion of trial, respondent requested that the Court impose a penalty pursuant to section 6673. Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay. A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

Petitioners' position, based on stale and meritless contentions, is manifestly frivolous and groundless, and they

have wasted the time and resources of this Court. Accordingly, we shall grant respondent's motion, and we shall impose a penalty of $2,500 pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.