T.C. Memo. 1999-238


UNITED STATES TAX COURT


KENNETH G. AND KIM M. BOHNET, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24733-97.                    Filed July 22, 1999.


Kenneth G. Bohnet and Kim M. Bohnet, pro sese.

<u>Sandra Veliz</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  By separate notices of deficiency, respondent determined the following deficiencies in and additions to petitioners' 1995 Federal income tax:

| Petitioner | Deficiency | Addition to Tax Sec. 6651(a) |
|---|---|---|
| Kenneth G. Bohnet | $14,899.00 | $2,298.50 |
| Kim M. Bohnet | 2,419.00 | 265.75 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the issues for decision are: (1) Whether petitioners are liable for the deficiencies determined by respondent, (2) whether petitioners are liable for additions to tax for failing to file a Federal income tax return for 1995, and (3) whether petitioners engaged in behavior warranting the imposition of a penalty pursuant to section 6673(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed their petition, Kenneth G. Bohnet (Mr. Bohnet) and Kim M. Bohnet (Mrs. Bohnet), husband and wife, resided in Ephrata, Washington.

In 1995, Mr. Bohnet earned $65,500 from Korach & Wilson Insurance, Inc., $855 in nonemployee compensation from Fortis Investors, and $173 in interest income. In 1995, Mrs. Bohnet earned $21,874 from Grant County, Washington, and $11 in interest

---

[1] Respondent concedes that the credit for withholding income tax for Kim M. Bohnet should be $1,976 and not $1,356 as determined. Petitioners concede that their interest income for 1995 is taxable.

income.  Petitioners did not file a Federal income tax return for 1995.

OPINION

Section 61 defines gross income as all income from whatever source derived.  Gross income includes compensation for services and interest.  See sec. 61(a)(1), (4).  In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and taxpayers bear the burden of proving them erroneous.  See Rule 142(a).

Petitioners do not challenge the facts on which respondent's determinations are based or respondent's calculation of tax. Petitioners stipulated that during 1995 they received wages and interest.  At trial and on brief, petitioners advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.  See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986).  Petitioners allege:  (1) The wages they received are not income subject to tax under section 61; (2) the Individual Master File states that no notice of deficiency was ever sent; (3) the Internal Revenue Service did not send a notice of deficiency and did not file a return as mandated by section 6020(b); (4) petitioners did not receive any wages, were not employees as defined, and therefore had no filing requirement; and (5) taxing

their wages violates the Sixteenth Amendment.  We shall not painstakingly address petitioners' assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  Accordingly, we sustain respondent's determination that these amounts are income.

We must next decide whether this income is community property income.[2]  Under Washington law, with certain exceptions, all property (including compensation earned by a spouse) acquired after marriage is presumed community property and treated as acquired or earned by each spouse.  See Wash. Rev. Code Ann. secs. 26.16.010 through 26.16.030 (West 1997); Zielasko v. Commissioner, T.C. Memo. 1993-177.  Community property income is attributable 50 percent to each spouse.  See Poe v. Seaborn, 282 U.S. 101 (1930).  The parties presented no evidence demonstrating that the compensation and interest earned by petitioners are not community property.  Therefore, we conclude that under Washington

---

[2] Respondent, in separate notices of deficiency sent to Mr. Bohnet and Mrs. Bohnet, determined that Mr. Bohnet is taxable on 100 percent of the compensation and interest he received and Mrs. Bohnet is taxable on 100 percent of the compensation and interest she received.  Respondent, however, did not determine that 50 percent of the income earned by each petitioner is taxable income to the nonearning spouse.

law this income is community property and must be allocated 50 percent to each petitioner.  See also Rule 142(a).

Respondent also determined that petitioners are liable for additions to tax pursuant to section 6651(a)(1).  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.  The taxpayer has the burden of proving the addition is improper.  See Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985).  Petitioners stipulated that they did not file a return for 1995, and they offered no evidence showing that their failure to file was due to reasonable cause and not due to willful neglect.  Accordingly, we hold that petitioners are liable for the additions to tax under section 6651(a)(1).

By motion made at the conclusion of trial, respondent requested that the Court impose a penalty pursuant to section 6673.  Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is

"contrary to established law and unsupported by a reasoned, colorable argument for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986).

Petitioners' position, based on stale and meritless contentions, is manifestly frivolous and groundless, and they have wasted the time and resources of this Court. Accordingly, we shall grant respondent's motion, and we shall impose a penalty of $2,500 pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.