T.C. Memo. 2002-156

UNITED STATES TAX COURT

MICHAEL SAWUKAYTIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11672-00.                    Filed June 19, 2002.

Michael Sawukaytis, pro se.

<u>Kimberly J. Webb</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of

$13,976 and an addition to tax of $726 pursuant to section

6651(a)(1)[1] in petitioner's 1996 Federal income tax.

---

[1]  All section references are to the Internal Revenue Code
in effect for the year in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioner received gross income subject to tax, as determined by respondent; (2) whether petitioner is liable for an addition to tax for failing to file a Federal income tax return for 1996; and (3) whether petitioner engaged in behavior warranting the imposition of a penalty pursuant to section 6673(a).

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Ann Arbor, Michigan.

During 1996, petitioner was employed at the Ford Motor Co. (Ford). In 1996, Ford paid petitioner $69,699 in wage income. In 1996, petitioner received a $162 State tax refund for 1995 and $29 of interest from a credit union.

Petitioner did not file a Federal income tax return for 1996. Pursuant to section 6020(b), respondent prepared a substitute for return for petitioner.

### OPINION

Section 61 defines gross income as all income from whatever source derived. Gross income includes compensation for services and interest. Sec. 61(a)(1), (4).

Petitioner does not challenge the facts on which respondent's determinations are based or respondent's calculation

of tax.[2]  Petitioner stipulated that during 1996 he received compensation from Ford.  At trial, petitioner testified that during 1996 he received interest income and a State tax refund.

In motions, at trial, and on brief, petitioner advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.  Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986).  Petitioner argues that the income tax is an excise tax and that he did not engage in excise taxable activities in 1996.[3]  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  Accordingly, we sustain respondent's deficiency determination.

Respondent also determined that petitioner is liable for an

---

[2]  Cf. sec. 7491(a), effective for court proceedings arising in connection with examinations commencing after July 22, 1998.  Petitioner does not contend that his examination began after July 22, 1998, or that sec. 7491(a) is applicable to his case.  In any event, we do not find that resolution of this case depends on which party has the burden of proof.  We resolve the issue on the basis of a preponderance of evidence in the record.  Regardless of which party has the burden of proof, we still sustain respondent's deficiency determination for the reasons stated below.

[3]  Petitioner testified:  "The income tax is an excise tax.  Congress, who sets the laws, even says so in the Congressional Record.  The income tax is therefore not a tax on income."

addition to tax pursuant to section 6651(a)(1).  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.  Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985).[4]

Petitioner stipulated that he did not file a return for 1996, and he offered no evidence showing that his failure to file was due to reasonable cause and not due to willful neglect. Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(1).

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

On May 10, 2001, petitioner filed a request for admissions.

---

[4]  Cf. sec. 7491(c), effective for court proceedings arising in connection with examinations commencing after July 22, 1998. Petitioner does not contend that his examination began after July 22, 1998, or that sec. 7491(c) is applicable to his case.

Most of the requested admissions regarded respondent's opinion about the Sixteenth Amendment and whether the income tax was a direct or indirect tax. On May 18, 2001, respondent filed a response to petitioner's request for admissions.

On May 29, 2001, petitioner filed a motion for review of response to petitioner's request for admissions. Petitioner alleged that respondent's responses to petitioner's paragraphs regarding respondent's opinion about the Sixteenth Amendment and whether the income tax was a direct or indirect tax were insufficient.[5]

On July 7, 2001, the Court denied petitioner's motion for review of response to petitioner's request for admissions. The Court found that respondent's answers were sufficient.

On August 3, 2001, petitioner filed a motion to reconsider the Court's order of July 7, 2001. Petitioner stated that he was seeking respondent's position on a point of law regarding the nature of the income tax. On August 6, 2001, the Court denied this motion.

On September 4, 2001, petitioner filed a motion for leave to file interlocutory appeal seeking review of the Court's denial of petitioner's motion to reconsider Court's order of July 7, 2001. Petitioner stated that he was seeking respondent's "policy and

---

[5] Respondent objected to these paragraphs on the ground that the request for admissions sought admissions based on statements of law rather than statements of fact.

procedure" on a point of law regarding the nature of the income tax. On September 27, 2001, the Court denied this motion.

On September 17, 2001, petitioner filed a motion to quash subpoena duces tecum. The subpoena required petitioner to appear 30 minutes before the trial and to bring certain documents with him. On October 5, 2001, the Court denied this motion.

On October 23, 2001, petitioner filed a motion for reconsideration of the Court's order of October 5, 2001. On October 24, 2001, the Court denied this motion.

On December 3, 2001, over a month after the trial of this case, petitioner filed a motion to reconsider the denial of motion to quash subpoena duces tecum. On December 11, 2001, the Court denied this motion.

At trial, the Court warned petitioner that his arguments were frivolous and of the provisions of section 6673. Petitioner filed several frivolous documents with the Court. Petitioner's position, based on stale and meritless contentions, is manifestly frivolous and groundless, and he has wasted the time and resources of this Court. Accordingly, we shall impose a penalty of $12,500 pursuant to section 6673.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.