T.C. Memo. 1999-239

UNITED STATES TAX COURT

TIMIE A. MORIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6477-98.                    Filed July 22, 1999.

Timie A. Morin, pro se.

<u>Julie L. Payne</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined the following

deficiencies in and additions to petitioner's Federal income tax:

|       |            | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654 |
|------|-----------|--------------|-----------|
| 1994 | $7,317 | $1,829 | $380 |
| 1995 | 6,822 | 1,706 | 370 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioner is liable for the deficiencies determined by respondent, (2) whether petitioner is liable for additions to tax for failing to file a Federal income tax return for 1994 and 1995, (3) whether petitioner is liable for additions to tax for failing to make estimated Federal income tax payments for 1994 and 1995, and (4) whether petitioner engaged in behavior warranting the imposition of a penalty pursuant to section 6673(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time she filed her petition, Timie A. Morin (Ms. Morin) resided in Yakima, Washington.

During 1994 and 1995, Ms. Morin worked as a bookkeeper. In 1994 and 1995, Ms. Morin earned $29,410 and $27,716, respectively, from Les Morin Subaru as compensation for her services as a bookkeeper. Ms. Morin did not file Federal income tax returns for 1994 and 1995.

OPINION

Section 61 defines gross income as all income from whatever source derived. Gross income includes compensation for services. See sec. 61(a)(1). In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and taxpayers bear the burden of proving them erroneous. See Rule 142(a).

Petitioner does not challenge the facts on which respondent's determinations are based or respondent's calculation of tax. Petitioner stipulated that during 1994 and 1995 she received compensation and Forms W-2 from Les Morin Subaru. At trial and on brief, petitioner advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts. See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986). Petitioner alleges: (1) The wages or compensation she received are not income subject to tax under section 61; (2) the Individual Master File states that no notice of deficiency was ever sent; (3) the Internal Revenue Service did not send a notice of deficiency and did not file a return as mandated by section 6020(b); (4) petitioner did not receive any wages, was not an employee as defined, and therefore had no filing requirement; and (5) taxing her wages violates the Sixteenth Amendment. We shall not painstakingly address petitioner's assertions "with somber

reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Accordingly, we sustain respondent's deficiency determination.[1]

Respondent determined that petitioner is liable for additions to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect. The taxpayer has the burden of proving the addition is improper. See Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985). Petitioner stipulated that she did not file returns for 1994 and 1995, and she offered no evidence showing that her failure to file was due to reasonable cause and not due to willful neglect. Accordingly, we hold that petitioner is liable for the additions to tax under section 6651(a)(1).

Respondent also determined that petitioner is liable for additions to tax pursuant to section 6654 for failing to make estimated tax payments. Petitioner did not offer any evidence at

---

[1] Respondent also determined that petitioner is subject to self-employment tax. Petitioner presented no evidence at trial regarding this issue and failed to address it on brief. Therefore, we hold that petitioner is subject to self-employment tax. See Rule 142(a); see also Petzoldt v. Commissioner, 92 T.C. 661, 683 (1989).

trial related to this issue, and she failed to address it on brief.  Therefore, we hold that petitioner is liable for the addition to tax pursuant to section 6654.  See Rule 142(a).

By motion made at the conclusion of trial, respondent requested that the Court impose a penalty pursuant to section 6673.  Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

Petitioner filed several frivolous requests for admissions. Petitioner's position, based on stale and meritless contentions, is manifestly frivolous and groundless, and she has wasted the time and resources of this Court.  Accordingly, we shall grant respondent's motion, and we shall impose a penalty of $2,500 pursuant to section 6673.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.