T.C. Memo. 2007-20

UNITED STATES TAX COURT

LINDA L. POOL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15413-05L.                Filed January 31, 2007.

Linda L. Pool, pro se.

<u>Erin K. Salel</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment and to impose a penalty under section 6673.[1]

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner submitted to the Internal Revenue Service Forms 1040, U.S. Individual Income Tax Return, for 1999, 2000, 2001, 2002, 2003, 2004, and 2005.  Petitioner listed only zeros on the Forms 1040 for 1999, 2000, 2001, 2002, 2003, 2004, and 2005-- e.g., listing zero income and zero tax due.

Respondent mailed petitioner statutory notices of deficiency for 1999, 2000, and 2003.  Petitioner received the notices of deficiency for 1999, 2000, and 2003.  Petitioner, however, did not petition the Court regarding the notices of deficiency for 1999, 2000, and 2003.

On September 15, 2004, respondent sent petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to petitioner's 1999, 2000, and 2003 taxable years (notice of levy).

On or about October 14, 2004, petitioner sent respondent a Form 12153, Request for a Collection Due Process Hearing (hearing request).  On the hearing request, petitioner wrote that "I will explain at the collection due process hearing" why she did not agree with the notice of levy; she did not list any years in the space provided for "taxable years".  Petitioner did not propose any collection alternatives.

On January 11, 2005, Appeals Team Manager Leland J. Neubauer sent petitioner a letter advising her that the Oklahoma City

Appeals Office received petitioner's hearing request.  The tax periods were identified as petitioner's 1999, 2000, and 2003 tax years.

On January 23, 2005, petitioner sent a letter to Mr. Neubauer advising him that she wanted a face-to-face section 6330 hearing in San Diego, California.

Petitioner's case was transferred to the San Diego Appeals Office, and on February 24, 2005, Appeals Team Manager Jon Leo sent petitioner a letter advising her that the San Diego Appeals office received petitioner's hearing request.

On April 21, 2005, Settlement Officer Cynthia Chadwell sent petitioner a letter advising petitioner that she (Ms. Chadwell) was assigned to petitioner's hearing request and requesting petitioner contact her (Ms. Chadwell) by May 5, 2005, to schedule a face-to-face hearing.  Ms. Chadwell included with this letter a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, for petitioner to complete and return with supporting information.  She also requested a copy of petitioner's 2004 income tax return.  Petitioner did not contact Ms. Chadwell on or before May 5, 2005.

On May 9, 2005, Ms. Chadwell sent petitioner a letter requesting petitioner contact Ms. Chadwell by May 24, 2005, to schedule a face-to-face hearing.

On May 24, 2005, petitioner contacted Ms. Chadwell and requested a face-to-face hearing. That same day, Ms. Chadwell sent petitioner a letter to confirm the date, time, and location of the section 6330 hearing, which was scheduled for June 23, 2005. Ms. Chadwell again asked petitioner to submit a completed Form 433-A and bring her 2004 tax return to the section 6330 hearing.

On June 21, 2005, petitioner left Ms. Chadwell a voice message that petitioner could not keep the scheduled appointment due to a change in her work schedule.

On June 22, 2005, Ms. Chadwell called petitioner, and petitioner stated that she wished to reschedule the hearing for June 29, 2005. Ms. Chadwell told petitioner that this was petitioner's last chance for a face-to-face hearing. That same day, Ms. Chadwell sent petitioner a letter rescheduling the hearing for June 29, 2005, advising petitioner this was petitioner's last chance for an in-person hearing, and stating that petitioner could have a telephone hearing and/or submit documents for Ms. Chadwell to consider (i.e., a correspondence hearing).

On June 29, 2005, petitioner called Ms. Chadwell and advised her that she (petitioner) could not make the scheduled hearing. Ms. Chadwell told petitioner that she would not be offered

another opportunity for a face-to-face hearing, but Ms. Chadwell would schedule a telephone hearing for July 14, 2005.

On July 5, 2005, Ms. Chadwell sent petitioner a letter confirming their discussion on June 29, 2005. Ms. Chadwell also noted that petitioner's Form 1040 for 2004 had been posted to petitioner's account, it reflected no income and no tax, and that information returns in respondent's possession showed that petitioner received income from various sources for 2004. Ms. Chadwell attached transcripts for 2004 to this letter indicating petitioner's sources of income for 2004. Ms. Chadwell requested a corrected Form 1040 for 2004 in advance of the scheduled telephone conference.

On July 7, 2005, petitioner's son contacted Ms. Chadwell. He stated that petitioner would not be providing the requested information to Ms. Chadwell and requested that the notice of determination be issued. Ms. Chadwell asked to speak to petitioner to confirm this information, and petitioner confirmed it. Ms. Chadwell gave petitioner another opportunity for a phone conference. Petitioner, however, refused this offer and stated she would not provide the requested information.

Ms. Chadwell reviewed the administrative file for 1999, 2000, and 2003, and confirmed that respondent had complied with all applicable laws and administrative procedures regarding 1999, 2000, and 2003.

On July 12, 2005, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 to petitioner regarding petitioner's 1999, 2000, and 2003 tax years. In the notice of determination, respondent determined to sustain the proposed levy.

On August 15, 2005, petitioner timely filed a petition regarding the notice of determination. At the time she filed her petition, petitioner lived in La Mesa, California. The petition contains frivolous and groundless arguments.

On June 29, 2006, respondent sent petitioner a letter advising her of the provisions of section 6673 and that respondent would file a motion requesting sanctions under section 6673.

On August 17, 2006, respondent filed a motion for summary judgment and to impose a penalty under section 6673.

On August 21, 2006, the Court ordered petitioner to file any objection to respondent's motion for summary judgment and to impose a penalty under section 6673 on or before September 5, 2006. Petitioner did not file any objection, and the Court calendared said motion for hearing at the Court's San Diego, California, session on September 25, 2006.

Petitioner appeared at the hearing, admitted receiving income for the years in issue, advanced frivolous and groundless arguments that the income was not subject to tax, and was warned

by the Court that her arguments were frivolous and groundless and the Court could impose a penalty pursuant to section 6673. Petitioner, however, disregarded these warnings and continued to advance frivolous and groundless arguments.

## Discussion

### I. Motion for Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

### II. Determination To Proceed With Collection

Section 6330(a) provides that the Secretary shall furnish taxpayers with written notice of their right to a hearing before any property is levied upon. Section 6330 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period. Sec. 6330(a) and (b).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). If a taxpayer received a statutory notice of deficiency for the years in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

Petitioner received notices of deficiency for 1999, 2000, and 2003. Accordingly, she cannot challenge her underlying liabilities. See sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183. Therefore, we review respondent's determination for an abuse of discretion. See Sego v. Commissioner, supra at 610.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. See Rule 331(b)(4).

Accordingly, we conclude that respondent did not abuse his discretion, and we sustain respondent's determination to proceed with collection.

III.  Section 6673

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

Petitioner has advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.  Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986).  We will not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  Petitioner was warned several

times by respondent and the Court that her arguments were frivolous and without merit, and that if she continued to advance them she could be subject to a penalty of up to $25,000. Even after receiving these repeated warnings, petitioner continued to advance the same frivolous and meritless arguments.

We conclude petitioner's position was frivolous and groundless and that petitioner instituted and maintained these proceedings primarily for delay. Accordingly, pursuant to section 6673(a) we hold petitioner is liable for a $2,500 penalty.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.