T.C. Memo. 2008-184

UNITED STATES TAX COURT

GARY CUMMINGS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21650-06L.                    Filed July 30, 2008.

Gary Cummings, pro se.

<u>Nancy P. Klingshirn</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment.

Petitioner failed to file Federal income tax returns for 2002 and 2003.  Respondent issued statutory notices of deficiency to petitioner determining deficiencies and additions to tax for 2002 and 2003.  Petitioner received the notices of deficiency but

did not petition the Court for a redetermination of the tax deficiencies and additions to tax determined in the notices of deficiency for 2002 and 2003 (notices of deficiency). After the period for timely filing a petition with the Court regarding the notices of deficiency elapsed, respondent assessed against petitioner the amounts shown on the notices of deficiency.

Respondent mailed petitioner Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice). The levy notice advised petitioner that respondent intended to levy on petitioner's property to secure payment of his outstanding tax liabilities for 2002 and 2003. The levy notice also explained that petitioner had a right to request a hearing with respondent's Office of Appeals (Appeals) to appeal the proposed collection action and to discuss payment method options by submitting a Form 12153, Request for a Collection Due Process Hearing, with respect to the proposed levy.

Respondent mailed petitioner Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, (lien notice). The lien notice advised petitioner that respondent had filed a notice of Federal tax lien (NFTL) with respect to petitioner's unpaid tax liabilities for 2002 and 2003. The lien notice also explained that petitioner had a right to request a hearing with Appeals to appeal the proposed collection action and

to discuss payment method options by submitting a Form 12153 with respect to respondent's NFTL.

Petitioner timely filed two Forms 12153--one regarding the levy notice and one regarding the lien notice. Petitioner's explanations of disagreement on both Forms 12153 were identical: "INAPPROPRIATE COLLECTION ACTIVITY" and "INVALID ADMINISTRATIVE RECORD". Petitioner did not explain on the Form 12153 or attach any statement to the Form 12153 explaining what inappropriate collection activity had taken place or why the administrative record was invalid.

Appeals acknowledged receipt of petitioner's requests for a hearing with respect to the levy notice and the lien notice for 2002 and 2003. By letter, Appeals advised petitioner (1) that Appeals would not provide a face-to-face hearing if the only items he wished to discuss were those determined by the courts to be frivolous or groundless, (2) that he could receive a face-to-face hearing on any relevant, nonfrivolous issues if he informed Appeals in writing or by phone of such nonfrivolous issues, (3) that Appeals scheduled a telephone conference for July 19, 2006, and (4) that Appeals would not consider alternative collection methods unless petitioner filed his 2004 and 2005 income tax returns and completed collection information statements. The letter further advised petitioner:

Before you decide whether to petition a notice of determination, you should know that the Tax Court is empowered to impose monetary sanctions up to $25,000 for instituting or maintaining an action before it primarily for delay or for taking a position that is frivolous or groundless [Pierson v. Commissioner, 115 T.C. 576 (2000); Forbes v. Commissioner, T.C. Memo. 2006-10 ($20,000 penalty imposed); Aston v. Commissioner, T.C. Memo. 2003-128 ($25,000 penalty imposed)].

Petitioner responded to Appeals by letter and requested a face-to-face hearing. Petitioner wrote that the issues that he intended to raise at the hearing included:

Challenging the validity of the allegations as to amounts allegedly owed due to the failure by the IRS to follow its own administrative procedures, including without limitation, violations of 26 USC 6065, pursuant to 5 USC 556(d) and the Administrative Procedures Act;

Challenging whether or not a valid and properly completed ASSESSMENT and DEFICIENCY exist.

As petitioner requested, Appeals provided him with a copy of his administrative file for 2002. Appeals did not send petitioner a copy of his administrative file for 2003 as he had already obtained a copy through a Freedom of Information Act request. Appeals offered to reschedule a telephone conference with petitioner to discuss any relevant, nonfrivolous issues regarding the $98,927.46 he owed (as of January 25, 2006) in tax, penalties, and interest for 2002 and 2003.

Petitioner replied that Appeals' assertion that the issues he raised were "frivolous" was "a lie and you should know it." Additionally, petitioner wrote:

Raising issues of IRS failure to follow its own administrative procedures is absolutely a valid reason and evokes a requirement for a face-to-face hearing. Be advised that I refuse to accept your "offer" of a telephone hearing and if you continue to fail or refuse to grant me a face-to-face hearing, and should you attempt to proceed with collection of a disputed assessment without providing me a face-to-face hearing to discuss your failure to follow your own administrative procedures, then I will bring a lawsuit against you in U.S. District Court. <u>Under current law, you can be fired for your failure to perform your duties in accordance with Internal Revenue laws</u>.

Subsequently, Appeals issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with respect to petitioner's 2002 and 2003 taxable years (notice of determination). Appeals determined that the proposed levy and the NFTL were appropriate collection actions in petitioner's case.

Petitioner filed a petition challenging the notice of determination. At the time he filed the petition, petitioner resided in Ohio. Petitioner claimed inter alia: (1) "IRS has other irregular and interesting preconditions such as filling out forms and submitting a payment schedule. These requirements are impossible since Petitioner does not know what the IRS wants until he meets with it. Petitioner is not required to do these and did not."; (2) "The IRS illegally and wrongfully withheld a hearing and has violated his statutory rights and administrative due process rights to appear at a hearing."; (3) "IRS was notified that Petitioner challenged the validity of this alleged

debt, of a related procedural deficiency (lack of required certification, per 26 USC 6065) and of Petitioner's demand for proper certification of lawful assessment."; (4) "The IRS refused to acknowledge Petitioner's demand, nor did it offer any evidence of lawful verification of their assessment at any time."; (5) "Petitioner requested a face to face hearing within the legal time period and therefore is entitled to an in-person hearing."; (6) "Under IRC 6330, Petitioner is entitled to a CDPH at a location convenient to them [sic]. Taxpayer was not given the opportunity to raise any relevant issue relating to the unpaid tax or the proposed levy at a hearing in accordance with IRC §6330."; (7) and that the Internal Revenue Service violated petitioner's Fifth and Fourteenth Amendment rights.

Motion for Summary Judgment

Rule 121(a)[1] provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Summary judgment may be granted if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there is no genuine issue as to any

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

material fact and that a decision may be rendered as a matter of law.

Determination To Proceed With Collection

Section 6320(a)(1) provides that the Secretary shall furnish the person described in section 6321 with written notice (i.e., the hearing notice) of the filing of a notice of lien under section 6323. Section 6320(a) and (b) further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c).

Section 6330(a) provides that the Secretary shall furnish taxpayers with written notice of their right to a hearing before any property is levied upon. Section 6330 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period. Sec. 6330(a) and (b).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action(s), and alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). If a taxpayer received a statutory

notice of deficiency for the years in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

Petitioner received the notices of deficiency for 2002 and 2003. Accordingly, he cannot challenge his underlying liabilities. See sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183. Therefore, we review respondent's determination for an abuse of discretion. See Sego v. Commissioner, supra at 610.

Petitioner claims that Appeals did not verify the assessments. Petitioner is wrong. Appeals verified the assessment of petitioner's taxes for 2002 and 2003, and petitioner received a copy of his administrative file for 2002 and 2003.

Petitioner also argues that he was not required to file collection information statements with Appeals, that he was entitled to a face-to-face hearing, that Appeals illegally and wrongfully withheld a hearing and violated his statutory rights and administrative due process rights, and that the Internal Revenue Service violated his Fifth and Fourteenth Amendment rights. These are shopworn arguments characteristic of tax-

protester rhetoric that has been universally rejected by this and other courts. See <u>Wilcox v. Commissioner</u>, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986). We will not painstakingly address these assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).

At the hearing petitioner stated: "I don't have collection alternatives". Petitioner has failed to raise a spousal defense or make a valid challenge to the appropriateness of respondent's intended collection actions. These issues are now deemed conceded. See Rule 331(b)(4).

Accordingly, we conclude that respondent did not abuse his discretion, and we will grant respondent's motion for summary judgment sustaining respondent's determination to proceed with collection.

<u>Section 6673</u>

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay. A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a

reasoned, colorable argument for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986); see also <u>Hansen v. Commissioner</u>, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

Petitioner's objection to respondent's motion for summary judgment, petition, Forms 12153, and correspondence with respondent contain frivolous and groundless statements and arguments. Petitioner's answers to the Court's questions at the hearing on respondent's motion for summary judgment were evasive and/or nonresponsive. At the hearing the Court inquired as to what issues petitioner wanted to raise in his section 6330 case. Petitioner stated that he wanted a face-to-face hearing. Additionally, the following colloquy took place:

> THE COURT: The Court asked you what nonfrivolous arguments you had --

> MR. CUMMINGS: I'm not prepared, at this Court, for such a thing. * * *

> THE COURT: You're not offering waht [sic] those arguments were.

> MR. CUMMINGS: I'm offering my nonfrivolous issues, and that's --

> THE COURT: I'm sorry?

> MR. CUMMINGS: I'm offering my nonfrivolous issues.

> THE COURT: I'm asking you, what are they?

> MR. CUMMINGS: Inappropriate collection activity.

THE COURT:  Like what?

MR. CUMMINGS:  I'm not prepared for that right now.

THE COURT:  And what else?

MR. CUMMINGS:  And invalid administrative record.

THE COURT:  And what's your argument on that?  Any specifics?

MR. CUMMINGS:  I want it on the record at a collection due process hearing.  I'm not prepared to argue these matters before the Court today.

Additionally, the Court asked petitioner what collection alternatives he wanted to raise.  Petitioner tried to avoid answering the question but eventually stated that he had none.

In the notice of determination petitioner was warned that the Court is empowered to impose monetary sanctions up to $25,000 for instituting or maintaining an action before us that is primarily for delay, frivolous, or groundless.  Respondent cited Pierson v. Commissioner, 115 T.C. 576 (2000), Forbes v. Commissioner, T.C. Memo. 2006-10 ($20,000 penalty imposed), and Aston v. Commissioner, T.C. Memo. 2003-128 ($25,000 penalty imposed), to petitioner, warning him of the consequences he could face for taking frivolous or groundless positions in these proceedings or instituting the proceedings primarily for delay.

We conclude petitioner's position was frivolous and groundless and that he instituted and maintained these proceedings primarily for delay.  Appeals and the Court gave

petitioner multiple opportunities to state any nonfrivolous issues he wished to raise at a section 6330 hearing. Petitioner repeatedly refused to state any nonfrivolous issues he would assert.

Via raising frivolous and groundless arguments and petitioning this Court, petitioner has sought to delay the collection of a total of approximately $83,000 of deficiencies and penalties for 2002 and 2003 (by February 2006 this amount, including interest, totaled almost $100,000). Accordingly, pursuant to section 6673(a) we hold petitioner is liable for a $2,500 penalty.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.